**UNITED STATES DISTRICT COURT**
**DISTRICT OF PUERTO RICO**

| | |
|---|---|
| TOTALENERGIES MARKETING PUERTO RICO CORP., | Case No.: _____ |
| Plaintiff, | |
| v. | DECLARATORY JUDGMENT<br>BREACH OF CONTRACT<br>UNJUST ENRICHMENT<br>DAMAGES |
| LUMA ENERGY, LLC and LUMA ENERGY SERVCO, LLC, | |
| Defendants. | |

## <u>COMPLAINT</u>

COMES NOW TotalEnergies Markerting Puerto Rico Corp. ("TEMPR"), by and through undersigned counsel, and hereby STATES, ALLEGES, and PRAYS as follows:

### I.   INTRODUCTION

On June 22, 2020, the Puerto Rico Electric Power Authority ("PREPA"), the Puerto Rico Public-Private Partnerships Authority (the "P3 Authority"), and defendants LUMA Energy, LLC and LUMA Energy ServCo, LLC (collectively, "LUMA") entered into a long-term Operation and Maintenance Agreement (the "O&M Agreement") pursuant to which LUMA will operate and manage PREPA's transmission and distribution system ("T&D System") for a 15-year period.

LUMA has defaulted on its payment obligations under a fuel supply agreement (the "Bulk Sales Contract") that had been entered into by PREPA and TEMPR on August 4, 2020, and for which LUMA assumed payments obligations in the manner set forth in section 5.2(a) of the O&M Agreement and other relevant provisions.

LUMA's difficulties in operating the T&D System within approved budgets have been so significant that on March 20, 2023, the Puerto Rico Electric Bureau (the "PREB") imposed a

$25,000 fine or sanction upon LUMA for "imprudent spending," through the unauthorized reallocation of funds amongst budget programs or line items which exceed the parameters of the O&M Agreement,[1] while delaying payment to critical suppliers like TEMPR.

That said, TEMPR brings this diversity action for declaratory relief, breach of contract, unjust enrichment and damages under Puerto Rico law as a result of LUMA's non-payment of $700,489.93 in fuel delivered directly by TEMPR, from August 12, 2022 up to November 18, 2022, on the basis that: (i) pursuant to section 5.2 of the O&M Agreement, LUMA assumed PREPA's payment obligations thereunder; (ii) the gasoline purchases made under the Bulk Sales Contract were incurred as a result of LUMA's administration of the O&M Agreement and for which LUMA is solely responsible thereunder; (iii) LUMA's retention of the benefit conferred by TEMPR, in the form of unpaid fuel purchases, would be inequitable without payment for its value, constituting an unjust enrichment; or (iv) if the Bulk Sales Contract is determined not to be a System Contract, LUMA entered into a direct contract with TEMPR, and thus is liable for product sold and delivered.

LUMA has assumed the position that it has no liability under the O&M Agreement, or under any other scenario, for fuel purchases ordered by said party, consumed by said party, as part of its duties to administer the O&M Agreement and to render services from which it derives significant income and profit. Said position is clearly untenable and LUMA must simply comply

---

[1] *See* Resolution and Order, *In re: Review of LUMA's Initial Budgets*, Case No. NEPR-MI-2021-0004 (Mar. 20, 2023), https://energia.pr.gov/wp-content/uploads/sites/7/2023/03/20230320-MI20210004-Resolution-and-Order.pdf; Istra Pacheco, *El Negociado de Energía multa a LUMA Energy*, EL VOCERO (Mar. 22, 2023), https://www.elvocero.com/gobierno/agencias/el-negociado-de-energ-a-multa-a-luma-energy/article_9db1b4e4-c8d2-11ed-bb77-532064decf06.html; Luis Alberto López, *Negociado de Energía multa a LUMA Energy por $25,000*, NOTICEL (Mar. 22, 2023), https://www.noticel.com/ahora/top-stories/20230322/negociado-de-energia-multa-a-luma-energy-por-25000/.

with its liability towards TEMPR. The nature of LUMA's contractual relationship with PREPA and whether it has a source of recoupment from said entity is irrelevant to the adjudication of TEMPR's claims hereunder. Said matter is governed by an independent and separate set of contractual agreements between LUMA and PREPA, none of which allows LUMA to negate its liability towards TEMPR for the more than $700,000 worth of fuel purchased by said party from TEMPR and consumed as part of its business venture in Puerto Rico.

## II.    THE PARTIES

### Plaintiff

1.      TEMPR is a corporation duly organized, validly existing, and in good standing under the laws of the Commonwealth of Puerto Rico, having its principal office at Millennium Park Plaza, 15 Second Street, Suite 525, Guaynabo, Puerto Rico 00968. TEMPR markets gasoline and related products in Puerto Rico under the "TotalEnergies" (formerly "TOTAL") brand.

### Defendants

2.      Defendant LUMA Energy, LLC ("ManagementCo") is a limited liability company organized pursuant to the laws of the Commonwealth of Puerto Rico. ManagementCo's physical address is 1110 Ponce de León Avenue, Pda. 16½, NEOS Building, Suite 607, San Juan, Puerto Rico 00907, and its postal address is P.O. Box 364267, San Juan, Puerto Rico 00936-4267. The members of ManagementCo are Quanta Utility Operations, LLC and 2240485 Alberta Ltd., neither of which are citizens of Puerto Rico nor domiciled in Puerto Rico for diversity jurisdiction purposes. The ultimate indirect owners of ManagementCo are ATCO Ltd., operating as the ATCO Group, a Canadian-based publicly traded engineering, logistics, and energy holding company, and Quanta Services, Inc., which is incorporated in Delaware and headquartered in Texas. Accordingly, is a citizen of Delaware, Texas, and Canada purposes of diversity jurisdiction.

3

3.      Defendant LUMA Energy ServCo, LLC ("ServCo," and together with ManagementCo, "LUMA" or the "Operator") is a limited liability company organized pursuant to the laws of the Commonwealth of Puerto Rico. ServCo's physical address is 1110 Ponce de León Avenue, Pda. 16½, NEOS Building, Suite 607, San Juan, Puerto Rico 00907, and its postal address is P.O. Box 364267, San Juan, Puerto Rico 00936-4267. The sole member (i.e., owner) of ServCo is ManagementCo.

### III.    JURISDICTION AND VENUE

4.      This Court has subject-matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(a), because the parties are diverse and the amount in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs.

5.      For purposes of diversity jurisdiction, the citizenship of a limited liability company is to be determined by the citizenship of its members. *See Pramco, LLC v. San Juan Bay Marina, Inc.*, 435 F.3d 51, 54-55 (1st Cir. 2006). There is complete diversity of citizenship between the parties in this case as:

      a.  Plaintiff TEMPR is incorporated and has its principal place of business in the Commonwealth of Puerto Rico;

      b.  Defendant ServCo is a limited liability company organized under the laws of the Commonwealth of Puerto Rico and whose sole member is ManagementCo;

      c.  Defendant ManagementCo is a limited liability company organized under the laws of the Commonwealth of Puerto Rico whose members are Quanta Utility Operations, LLC and 2240485 Alberta Ltd.;

      d.  Quanta Utility Operations, LLC's sole member is Quanta Services, Inc., which is incorporated in Delaware and headquartered in Texas; and

e.   2240485 Alberta Ltd. is wholly owned by Canadian Utilities Limited, which is

wholly owned by ATCO Ltd., a Canadian-based publicly traded company.

6.      An actual, justiciable controversy exists between all the parties, and the requested

relief is proper under 28 U.S.C. §§ 2201-2202.

7.      Venue is proper in this district under 28 U.S.C. § 1391(b) and (c) because LUMA

operates, resides, and has its principal place of business in this district, and the events or omissions

giving rise to the claims occurred in this district.

## IV.    FACTS COMMON TO ALL CAUSES OF ACTION

### A.    Brief Overview of TEMPR's Business in Puerto Rico

8.      The TOTAL brand entered the Puerto Rico oil and gas lubricants market in October

2004 after Total Outre-Mer, S.A. acquired all the stock of Gasolinas Puerto Rico ("GPR") followed

by a significant investment of $45,000,000 in the next three years. GPR owned a network of 100

gasoline service stations in Puerto Rico. *See Santiago-Sepulveda v. Esso Standard Oil Co. (P.R.),

Inc.*, 582 F. Supp. 2d 154, 161 (D.P.R. 2008) (so noting), *vacated on other grounds*, 2009 WL

87586 (D.P.R. Jan. 12, 2009), *aff'd*, 643 F.3d 1 (1st Cir. 2011).

9.      To increase its market share and penetration, TEMPR purchased the assets of Esso

Standard Oil Co. (Puerto Rico), Inc. in 2008, including its 145 service stations, fleet cards, along

with a highly coveted portfolio of clients that included government agencies and municipalities

to private businesses and aviation companies. *See id.* at 163.

10.     Despite the historical challenges facing the gasoline market in Puerto Rico,

including the departure of other wholesalers like Esso Standard Oil Company and Chevron

Corporation – two household names in the motor fuel industry – TEMPR has remained focused

on delivering value to its customers while upholding the highest standards of ethics and integrity

and making significant investments in the island. There is no better example of TEMPR's unwavering commitment to Puerto Rico than the actions it took in 2017 to meet the high demand for motor fuel in the aftermath of Hurricane Maria, including doubling the capacity to store fuel and securing additional trucks to supply diesel to hospitals and first responders.[2]

11.      In recognition of TEMPR's business integrity, the Commonwealth of Puerto Rico, through the General Services Administration (the "GSA"), has repeatedly awarded contracts on a competitive basis to TEMPR for the purchase of gasoline and motor fuel at stated prices for given periods of time. These contracts help ensure that the Commonwealth's fleet vehicles have a steady stream of fuel, avoiding potential supply disruptions that imperil key public functions like public safety, law enforcement, and emergency medical services providers.

12.      For example, on April 1, 2020, the GSA entered into one such contract with TEMPR – Contract No. 2020-00131 – for the supply of gasoline and motor fuel for fleet vehicles assigned to the Commonwealth's government agencies, public corporations, and municipalities. The terms of Contract No. 2020-00131 were set to expire on November 1, 2022.

13.      For many years, PREPA benefited from the GSA's fuel supply contracts with TEMPR. On April 28, 2020, PREPA requested authorization from the GSA to purchase bulk fuel under Contract No. 2020-000131 for PREPA's own fleet vehicles to avoid potential disruptions in the delivery of transmission and delivery services. In doing so, PREPA benefited from the GSA's rigorous bidding processes and competitive prices to make its fuel purchases.

---

[2] *See* Total Puerto Rico anticipates marked changes in the fuel market for the near future (Oct. 25, 2017), https://totalenergies.com.pr/en/total-puerto-rico-anticipates-marked-changes-fuel- market-near-future.

14.    In response to PREPA's inquiry, the Commonwealth's Chief Procurement Officer, Karla G. Mercado Rivera, authorized PREPA to purchase gasoline and diesel for its fleet vehicles under Contract No. 2020-000131.

15.    Following the GSA's authorization, PREPA and TEMPR executed the Bulk Sales Contract, titled *Contrato a Requerimiento para el Suministro de Gasolina y Diesel en Talleres de Mecánica de la Autoridad – a través del Contrato con la Administración de Servicios Generales del Gobierno de Puerto Rico*, for the delivery of gasoline and ultra-low sulfur diesel at PREPA's workstations on August 4, 2020. The Bulk Sales Contract is subject to the specifications provided in Contract No. 2020-000131 between the GSA and TEMPR.

16.    Notably, the Bulk Sales Contract includes an assignment provision which states as follows:

> The Parties acknowledge that PREPA is undergoing a transformation process, and therefore, both Parties agree that in the eventuality of the execution of a Partnership Contract, Sale Contract or any other PREPA Transaction (as these terms are defined in Law 120-2018), PREPA may sell, assign, convey, transfer, pledge, mortgage, sublease, delegate, hypothecate, or otherwise dispose (each, a "Transfer") any of its rights, title, or interest in this Contract as permitted by applicable law and at any time, and without TOTAL's consent or cost, expense or incremental liability to PREPA, to any future operator of Puerto Rico's generation system or any of its affiliates, or to any governmental agency, body, public corporation or municipality of Puerto Rico; provided, that PREPA shall notify TOTAL no later than thirty (30) days before the effective date of any such Transfer.
>
> TOTAL acknowledges that all its responsibilities and obligations under the Contract, such as work to be performed and services to be provided will continue in full force and effect until the expiration of the thirty (30) day period.

Bulk Sales Contract at 16 (translation ours).

17.    The plain meaning of this contractual provision leaves no doubt that both PREPA and TEMPR knew and agreed to the legal framework established in Puerto Rico Law No. 120-2018 for the sale, disposition, and/or transfer of PREPA's assets, operations, functions, and services

upon, among other events, the execution of a Partnership Agreement like the one executed in June 22, 2020 to allow LUMA to assume operational control of the T&D System.

**B.    The History of Problems with Puerto Rico's Electric Grid**

18.    In September 2017, Hurricane Irma approached Puerto Rico's northern coast as a Category 5 storm, knocking out power to over one million residents, and causing hundreds of millions of dollars in damage. Roughly two weeks later, Hurricane Maria struck Puerto Rico as a Category 4 storm, causing an estimated $100 billion in damages and completely knocking out power for the entire archipelago.

19.    PREPA was already suffering significant financial troubles before the storms hit. In 2016, in response to the government debt crisis affecting the Commonwealth of Puerto Rico and its instrumentalities like PREPA, Congress enacted the Puerto Rico Oversight, Management, and Economic Stability Act ("PROMESA"), and the president signed the bill into law. *See* 48 U.S.C. §§ 2101-2241. Among other things, PROMESA created the Financial Oversight and Management Board for Puerto Rico (the "Oversight Board"). *Id.* § 2121. In 2017, the Oversight Board filed for bankruptcy on behalf of PREPA.

**C.    Approval of the O&M Agreement**

20.    On June 21, 2018, Puerto Rico enacted Law No. 120-2018, known as the "Puerto Rico Electric Power System Transformation Act," P.R. Laws Ann. tit. 22, §§ 1111-1125 ("Law No. 120-2018"), which, among other things, authorized a transaction under which a private manager would take over the operation and management of PREPA's T&D System, while ownership of the T&D System would remain with PREPA. Law No. 120-2018 further established procedures for obtaining bids from potential private managers.

21.     Section 5(a) of Law No. 120-2018 names the P3 Authority as the government entity responsible for facilitating public-private partnerships in Puerto Rico's energy sector. Pursuant to section 5(c) of Law No. 120-2018, the P3 Authority established a "Partnership Committee" of five members to oversee all aspects of the bidding process and negotiate contracts in connection with any such public-private partnerships.

22.     On June 5, 2018, the P3 Authority, along with the Oversight Board, commenced a competitive public bidding and selection process to award a long-term contract to an operation and maintenance service provider for PREPA's T&D System.

23.     Following the completion of that process on January 11, 2020, the P3 Authority's Partnership Committee selected a consortium comprised of ATCO Ltd. (succeeded by Canadian Utilities Limited), Quanta Services, Inc., and Innovative Emergency Management, Inc., which thereafter organized LUMA Energy, to serve as Operator of the T&D System.

24.     According to the Partnership Committee:

> Operator consists of both ServCo and ManagementCo. ManagementCo consists of the senior management personnel of Operator. ServCo is a subsidiary service company of ManagementCo. ManagementCo is not responsible for providing the O&M Services but is responsible solely for providing the Front End Transmission Services. ServCo is responsible for providing the O&M Services, including employing the workforce that will provide the O&M Services, and is otherwise responsible for the T&D System.

Partnership Committee Report at 299 (May 15, 2020).

25.     On January, 17 2020, the Partnership Committee approved LUMA's final proposal and a form of the O&M Agreement. On March 3, 2020, the P3 Authority submitted that form of the O&M Agreement for the Oversight Board's approval. Following its review of the submission, the Oversight Board suggested certain revisions, including a supplement to the O&M Agreement that contemplates, if certain conditions are not satisfied, LUMA's assumption of operation and

maintenance services for a limited period prior to PREPA's exit from Title III. The Oversight Board approved the revised O&M Agreement, including the supplemental agreement, on April 14, 2020.

26.     On May 18, 2020, the P3 Authority instituted an administrative proceeding before the PREB requesting the necessary regulatory approval of the O&M Agreement. On June 17, 2020, PREB issued a Resolution and Order approving the O&M Agreement, as required by the terms of the O&M Agreement.

27.     On June 22, 2020, both the Commonwealth of Puerto Rico and PREPA, through its Governing Board, approved the O&M Agreement. PREPA, the P3 Authority, and LUMA thereafter executed the O&M Agreement on the same date.

**D.     Operation of the O&M Agreement[3]**

28.     The O&M Agreement grants LUMA the right to operate and manage PREPA's T&D System for fifteen years. In consideration for managing the T&D System in accordance with the O&M Agreement, LUMA is entitled to receive a Service Fee consisting of an annual fixed fee and an incentive fee. The fixed fee starts at $70 million on year 1 and increases to $105 million for each of years 4 through 15. The incentive fee, which is payable upon LUMA achieving certain performance benchmarks, starts at $13 million on year 1 and increases up to $20 million for each of years 4 through 15.

29.     Article 5 of the O&M Agreement sets forth a list of services (the "O&M Services") that must be performed by LUMA in managing and operating the T&D System, including but not limited to administering System Contracts. For these purposes, System Contracts means:

> **(i) the contracts, leases, licenses, permits and other similar arrangements of all types related to the T&D System that have been entered into by [PREPA] (or pursuant to which [PREPA] otherwise has rights) and remain in effect as of**

---

[3] TEMPR notes that capitalized terms used in this section and not otherwise defined herein have the meaning set forth in the O&M Agreement.

**the Service Commencement Date and (ii) any other contracts, leases, licenses, permits and similar arrangements of all types entered into by [PREPA], or by [LUMA] on behalf and as agent of [PREPA], related to the T&D System or O&M Services pursuant to Section 4.3(d) . . . and/or Section 5.2(d) . . . including contracts related to:**

> (A)   **the ownership and operation and maintenance of the T&D System** (including interconnection and other related agreements);
>
> (B)   the ownership of or access to any T&D System Sites (including all right of way, crossing, access, Easement and other related agreements);
>
> (C)   all information technology hardware and software used to operate or administrate the T&D System;
>
> (D)   vegetation management, **fuel for fleet vehicles**, fleet vehicles, meters, call centers and engineering, procurement and construction;
>
> (E)   T&D Customers; or
>
> (F)   T&D System operation or ancillary services.

O&M Agreement at 29 (emphasis added).

30.    The contractual term System Contracts expressly encompasses the Bulk Sales Contract, which remained in effect as of LUMA's commencement of operations in June 2021. The O&M Agreement in no way, shape or form alters or modifies the agreements between TEMPR and whomever stands as its contractual counterparty, meaning that TEMPR remained bound to deliver fuel requested under the Bulk Sales Contract and whomever ordered and consumed fuel delivered thereunder has a contractual duty to pay for the same. How LUMA and PREPA allocate payments, disbursements or expenses related to fuel sold and delivered by TEMPR is governed by separate and independent understanding to which TEMPR is neither privy nor limits its collection efforts against LUMA.

31.    LUMA is solely responsible for the administration and performance of the System Contracts in the manner set forth in section 5.2(a) of the O&M Agreement:

**[LUMA], as agent for and on behalf of [PREPA], shall administer and perform System Contracts and Owner's payment obligations thereunder, which shall be an expense that is paid by [LUMA] as a T&D Pass-Through Expenditure. Notwithstanding the foregoing, (i) [LUMA] shall administer and perform [PREPA]'s rights and obligations under such System Contracts in such a manner so as not to expand or increase the liabilities assumed by [PREPA] thereunder, other than with respect to an amendment, renewal or expansion of existing System Contracts as required to provide the O&M Services hereunder** . . . and (ii) [PREPA] shall administer and perform any rights and obligations under such System Contracts to the extent that Applicable Law requires [PREPA]'s performance of such functions or Applicable Law or such System Contract prohibits [PREPA] from delegating such functions. **[PREPA] hereby authorizes [LUMA] to enforce Owner's rights under any such System Contracts.**

32.    The broad language in section 5.2(a) means that no specific procedure is required to create a valid assignment of a System Contract, so long as the contract is "*related to* the T&D System or O&M Services" under either section 4.3(d) or section 5.2(d) of the O&M Agreement. The Bulk Sales Contract satisfies this standard because it is related to "fuel for fleet vehicles," and there is no legal prohibition against PREPA delegating its functions under the Bulk Sales Contract.

33.    The assignment to LUMA or the assumption of contractual duties by said party is precisely the kind of scenario that TEMPR considered when it entered into the Bulk Sales Contract and forms part of the material understandings of said contract. LUMA would have this court and the planet believe that its due diligence did not encompass a reading and understanding of the overall payment terms of the Bulk Sales Contract it expressly assumed or the assignability provision therein included.

34.    The O&M Services prescribes in section 5 of the O&M Agreement, LUMA "shall, consistent with the Contract Standards, the Agreement and this Annex I . . . provide fleet management and vehicle refueling operations, including scheduling of vehicle replacements, specification of technical requirements, compliance with Commonwealth and federal alternative

fuel environmental compliance programs, performance of maintenance activities, maintenance of vehicle signage and other similar functions." Annex I of O&M Agreeement, § II.C.

35.     LUMA is required to perform all of these O&M Services, including administering System Contracts, in compliance with applicable "Contracts Standards," which are defined as:

> [T]he terms, conditions, methods, techniques, practices and standards imposed or required by: (i) Applicable Law; (ii) Prudent Utility Practice; (iii) applicable equipment manufacturer's specifications and reasonable recommendations; (iv) applicable insurance requirements under any insurance procured pursuant to this Agreement; (v) the Procurement Manuals, as applicable, and (vi) any other standard, term, condition or requirement specifically contracted in this Agreement to be observed by [LUMA].

O&M Agreement at 9 (emphasis added).

36.     Section 7.3 of the O&M Agreement provides that LUMA shall prepare and submit to the P3 Authority a proposed budget for each year. The P3 Authority shall review such proposed budget to ensure compliance with the O&M Agreement and shall notify LUMA whether the proposed budget is compliant or request any changes or modifications to the proposed budget.

37.     Each budget shall include up to a maximum of 2% in excess of the total amount for excess expenditures that may arise in any contract year ("Excess Expenditures"), provided that such Excess Expenditures shall at all times be otherwise compliant with the applicable rate order. Any Excess Expenditure incurred by LUMA during a contract year shall be treated as T&D Pass-Through Expenditures and as if initially budgeted for such year. *See* O&M Agreement, § 7.3(b).

38.     Further, LUMA enjoys complete flexibility, subject to compliance with the Contract Standards and prior consultation with, but not subject to approval by, the P3 Authority or the PREB to reallocate, accelerate or postpone expenditures within the approved operating budget. Any such reallocated amounts shall be treated as if initially budgeted in the Budget in which such reallocations are made in all respects.

E.      **TEMPR's Bulk Fuel Deliveries to LUMA**

39.     As the chart below indicates, TEMPR delivered gasoline and ultra-low sulfur diesel directly to LUMA, in the amount of $700,489.93, from August 12, 2022 to November 18, 2022, including in the wake of Hurricane Fiona during mid September of 2022:

| Document Number | Document Date | Posting Date | Amount in local Currency | Text | Delivered to |
|---|---|---|---|---|---|
| 5421419362 | 8/12/2022 | 8/12/2022 | $10,787.78 | PO-87761-001954 | LUMA |
| 5421419570 | 8/12/2022 | 8/12/2022 | $18,364.03 | PO-87761-001957 | LUMA |
| 5421419674 | 8/16/2022 | 8/16/2022 | $3,815.08 | PO# 87761-001960 | LUMA |
| 5421419710 | 8/16/2022 | 8/16/2022 | $14,790.82 | PO# 87761-001961 | LUMA |
| 5421419665 | 8/16/2022 | 8/16/2022 | $14,793.00 | PO# 87761-001959 | LUMA |
| 5421422483 | 9/13/2022 | 9/13/2022 | $11,051.32 | PO-87761-001988 | LUMA |
| 5421423070 | 9/16/2022 | 9/16/2022 | $11,205.70 | PO-87761-001999 | LUMA |
| 5421423598 | 9/21/2022 | 9/21/2022 | $39,842.98 | Cambalache - Sustituye 5421423554 | PREPA |
| 5421423617 | 9/21/2022 | 9/21/2022 | $39,843.01 | Cambalache | PREPA |
| 5421425094A | 9/22/2022 | 9/22/2022 | $10,892.26 | PO-87761-002027 | LUMA |
| 5421423690 | 9/22/2022 | 9/22/2022 | $23,097.90 | PO-87761-002008 | LUMA |
| 5421424972 | 9/29/2022 | 9/29/2022 | $6,997.25 | PO-87761-002068 | LUMA |
| 5421425024 | 9/30/2022 | 9/30/2022 | $6,382.84 | PO -87761-002077 | LUMA |
| 5421425135 | 10/3/2022 | 10/3/2022 | $10,807.90 | PO-87761-002073 | LUMA |
| 5421425435 | 10/4/2022 | 10/4/2022 | $24,843.23 | PO-87761-002076 | LUMA |
| 5421426177 | 10/11/2022 | 10/11/2022 | $7,551.23 | PO-87761-00290 | LUMA |
| 5421426481 | 10/13/2022 | 10/13/2022 | $8,328.37 | PO-87761-002105 | LUMA |
| 5421426388 | 10/13/2022 | 10/13/2022 | $11,718.35 | PO-87761-002104 | LUMA |
| 5421426453 | 10/13/2022 | 10/13/2022 | $15,106.27 | PO-87761-00291 | LUMA |
| 5421426389 | 10/13/2022 | 10/13/2022 | $22,661.91 | PO-87761-002107 | LUMA |
| 5421426555 | 10/14/2022 | 10/14/2022 | $11,721.11 | PO-87761-002110 | LUMA |
| 5421426594 | 10/14/2022 | 10/14/2022 | $15,111.82 | PO-87761-002106 | LUMA |
| 5421426582 | 10/14/2022 | 10/14/2022 | $15,882.32 | PO-87761-002109 | LUMA |
| 5421427257 | 10/15/2022 | 10/15/2022 | $7,555.91 | PO-87761-002103/Sust Inv 5421426770 | LUMA |
| 5421426663 | 10/17/2022 | 10/17/2022 | $7,815.87 | PO-87761-002111 | LUMA |
| 5421426654 | 10/17/2022 | 10/17/2022 | $7,816.07 | PO-87761-002113 | LUMA |
| 5421426660 | 10/17/2022 | 10/17/2022 | $7,817.06 | PO-87761-002102 | LUMA |
| 5421426666 | 10/17/2022 | 10/17/2022 | $11,195.92 | PO-87761-002108 | LUMA |
| 5421427051 | 10/19/2022 | 10/19/2022 | $7,815.13 | PO-87761-002121 | LUMA |
| 5421428783 | 11/3/2022 | 11/3/2022 | $8,272.74 | PO-87761-002123 | LUMA |
| 5421428717 | 11/3/2022 | 11/3/2022 | $8,273.97 | PO-87761-002122 | LUMA |
| 5421428699 | 11/3/2022 | 11/3/2022 | $19,151.86 | PO-87761-002127 | LUMA |
| 5421428739 | 11/3/2022 | 11/3/2022 | $21,195.04 | PO-87761-002124 | LUMA |
| 5421429191 | 11/8/2022 | 11/8/2022 | $8,646.65 | PO-87761-002135 | LUMA |
| 5421429192 | 11/8/2022 | 11/8/2022 | $11,203.82 | PO-87761-002131 | LUMA |
| 5421429182 | 11/8/2022 | 11/8/2022 | $15,525.80 | PO-87761-002126 | LUMA |
| 5421429324 | 11/9/2022 | 11/9/2022 | $7,763.00 | PO-87761-002130 | LUMA |
| 5421429325 | 11/9/2022 | 11/9/2022 | $15,525.78 | PO-87761-002134 | LUMA |
| 5421429732 | 11/14/2022 | 11/14/2022 | $7,471.44 | PO-87761-002141 | LUMA |
| 5421431406 | 11/14/2022 | 11/14/2022 | $7,472.75 | PO-87761 - 002132 | LUMA |
| 5421429743 | 11/14/2022 | 11/14/2022 | $10,806.97 | PO-87761-002142 | LUMA |
| 5421429742 | 11/14/2022 | 11/14/2022 | $25,749.88 | PO-87761-002140 | LUMA |
| 5421431497A | 11/15/2022 | 11/15/2022 | $4,136.07 | PO 87761-2143 | LUMA |

| | | | | | |
|---|---|---|---|---|---|
| 5421431497B | 11/15/2022 | 11/15/2022 | $3,336.68 | PO 87761-2151 | LUMA |
| 5421429920 | 11/15/2022 | 11/15/2022 | $19,083.42 | PO-87761-002148 | LUMA |
| 5421429858 | 11/15/2022 | 11/15/2022 | $29,886.06 | PO-87761-002147 | LUMA |
| 5421430266 | 11/16/2022 | 11/16/2022 | $3,336.60 | PO-87761-002145 | LUMA |
| 5421430259 | 11/16/2022 | 11/16/2022 | $3,336.68 | PO 87761 - 002125 | LUMA |
| 5421430265 | 11/16/2022 | 11/16/2022 | $4,136.07 | 87761-02150 | LUMA |
| 5421430267 | 11/16/2022 | 11/16/2022 | $4,136.07 | PO-87761-002133 | LUMA |
| 5421429992 | 11/16/2022 | 11/16/2022 | $14,943.17 | PO-87761-002149 | LUMA |
| 5421430122 | 11/17/2022 | 11/17/2022 | $14,943.18 | 87761 - 002146 | LUMA |
| 5421430173 | 11/17/2022 | 11/17/2022 | $19,071.60 | 87761 - 002155 | LUMA |
| 5421430224 | 11/18/2022 | 11/18/2022 | $7,472.19 | 87761 - 002153 | LUMA |
| | | | $700,489.93 | | |

### F.    LUMA's Default and Misrepresentations to TEMPR

40.    At all relevant times herein, LUMA was solely responsible for the administration and performance of System Contracts on PREPA's behalf, including fuel supply contracts for fleet vehicles, as required by the O&M Agreement.

41.    During the relevant period, Fleet Director Ángel Silverio and Jose M. Pérez Irizarry, a Manager in the Fleet Operations & Maintenance Facilities divisions at LUMA, engaged with TEMPR seeking delivery of fuel despite being in arears for hundreds of thousands of dollars. TEMPR delivered the requested fuel to LUMA to avoid the interruption or hindering of its for-profit business operations in Puerto Rico, and now LUMA has to pay its outstanding debts.

42.    At all relevant times herein, all bulk fuel deliveries to LUMA by TEMPR were paid to TEMPR by LUMA through PREPA's Fuel Office.

43.    On April 17, 2023, TEMPR sent a demand letter to LUMA requesting payment in the amount of $700,489.93 for bulk fuel delivered directly to LUMA, from August 12, 2022 up to November 18, 2022, pursuant to the Bulk Sales Contract.

44.    In its April 25, 2023 response to TEMPR's demand letter, LUMA acknowledges receiving the fuel delivered by TEMPR, but denies any liability on the basis that it did not assume the Bulk Sales Contract:

In accordance with Section 5.2(a) of the Puerto Rico Transmission and Distribution System Operations and Maintenance Agreement ("T&D OMA"), LUMA is responsible for the administration and performance of System Contracts on behalf of PREPA, including contracts for fuel for fleet vehicles. However, in this case, PREPA did not assign, and LUMA did not assume, the Bulk Sales Contract to LUMA at Commencement. PREPA entered the contract with Total prior to Commencement to acquire bulk fuel for the T&D System and PREPA Generation, and since its execution, PREPA has been responsible for the management and administration of all aspects of this contract, including payment for the bulk fuel provided by Total for the T&D System and PREPA Generation. To be clear, LUMA is not a party to the Bulk Sales Contract and has never managed nor administered such contract on behalf of PREPA.

Letter from Jorge L. Flores de Jesús, Vice President & General Counsel, LUMA Energy ServCo, LLC to Denise Rodriguez Flores, Legal Manager, TotalEnergies Marketing Puerto Rico Corp. (Apr. 25, 2023).

45.     LUMA then flip-flopped on its stance on this matter, having represented to TEMPR at a meeting that it would have issued payment for the bulk fuel provided by TEMPR for the T&D System had there been sufficient funds in the operating account. Said position cannot be reconciled with the payment terms of the Bulk Sales Contract it assumed and the provisions of the O&M Agreement. A simple reading of the O&M Agreement is enough to conclude that LUMA is liable to TEMPR, as expressly provided by section 5.2(a) of the O&M Agreement. LUMA's response invites TEMPR and the planet to accept that the Bulk Sales Contract is not a Service Contract and said party did not assume the contractual duty to "perform payment obligations thereunder."

46.     LUMA's tendency to mismanage its payment obligations was publicly exposed after the PREB fined said entity for imprudent spending after it reallocated $21 million amongst budget programs, without following the procedures prescribed in the O&M Agreement, while delaying payment to critical suppliers like TEMPR.[4] If LUMA dares to mishandle more than 20

---

[4] *See* Istra Pacheco, *LUMA alega que multarlos sería un acto "caprichoso"*, EL VOCERO (Jan. 13, 2023), https://www.elvocero.com/gobierno/agencias/luma-alega-que-multarlos-ser-a-un -acto-caprichoso/article_d3e12994-92dd-11ed-b57a-3b3c0e0a84ce.html.

million dollars, it should come as no surprise that it negates its payment responsibility before TEMPR for fuel used in the advancement of its business venture in Puerto Rico.

47.    Even assuming, which is essentially impossible under the facts herein set forth, that the Bulk Sales Contract is not a Service Contract, was not assumed by LUMA, LUMA did not expressly assume the related payment obligations, there was not a novation, LUMA is not a third-party beneficiary, LUMA would still be liable under equitable principles and doctrines. That is the case since LUMA either entered into a direct contract with TEMPR, or is benefiting from an unjust enrichment.

### V.    CAUSES OF ACTION

#### FIRST CAUSE OF ACTION
**Breach of Contract**
**(P.R. Laws Ann. Tit. 31, §§ 2994, 3018, 3052 & 3371)**

48.    TEMPR repeats and realleges al previous allegations.

49.    At all relevant times to this litigation, LUMA was responsible for the administration and performance of the Bulk Sales Contract and payment obligations, including, among other things, maintenance of the T&D System and fleet management and vehicle refueling operations.

50.    LUMA has breached its assumed obligations under the Bulk Sales Contract, from August 12, 2022 up to the present, by utilizing TEMPR's gasoline without payment.

51.    Such acts and ommissions leading to LUMA's breach of its payment obligations with TEMPR were the actual and proximate cause of harm to TEMPR.

52.    LUMA's conduct was negligent, with its acts being done with reckless indifference to the financial interests of TEMPR.

53.    LUMA is liable to TEMPR in an amount of $700,489.93, the exact amount to be proven at trial, plus interest and penalties.

## SECOND CAUSE OF ACTION
### Declaratory Relief – Novation of Bulk Sales Contract
### (28 U.S.C. §§ 2201 and 2202)

54.    TEMPR repeats and realleges all previous allegations.

55.    "System Contracts" is defined in the O&M Agreement as "any other contracts . . . of all types entered into by [PREPA], or by [LUMA] on behalf and as agent of [PREPA], related to the T&D System or O&M Services . . . including contracts related to . . . fuel for fleet vehicles."

56.    A complete assignment – technically referred to as a novation – is the replacement of one of the contract parties by another person or entity that assumes all of the assigning party's rights under the contract. *See* P.R. Laws Ann. tit. 31, § 3243 ("Novation consisting in the substitution of a debtor in the place of the original one, may be made without the knowledge of the latter, but not without the consent of the creditor."); *see also Teachers Annuity v. Soc. De Gananciales*, 15 P.R. Offic. Trans. 372, 387-88 (1984) (explaining that a creditor's implied consent suffices).

57.    Section 5.2(a) of the O&M Agreement provides that LUMA is solely responsible for the administration and performance of System Contracts on PREPA's behalf (including supply contracts for fleet vehicles) and PREPA's payment obligations thereunder, which are ordinarily treated as T&D Pass-Through Expenditures for purposes of payment from PREPA to LUMA.

58.    Accordingly, TEMPR is entitled to a declaration that the Bulk Sales Contract is a System Contract, and that section 5.2(a) of the O&M Agreement triggered a novation of the Bulk Sales Contract such that LUMA assumed all payment obligations thereunder, and thus liable to TEMPR in the amount of $700,489.93, the exact amount to be proven at trial, plus interest and penalties.

**THIRD CAUSE OF ACTION**
**Declaratory Relief – Third-Party Stipulation**
**(28 U.S.C. §§ 2201 and 2202)**

59.    TEMPR repeats and realleges all previous allegations.

60.    The O&M Agreement includes third-party beneficiary provisions enabling TEMPR to enforce LUMA's obligations to make payment due and owing on the Bulk Sales Contract, regardless of other considerations.

61.    Even if LUMA is not a party to the Bulk Sales Contract, when LUMA executed the O&M Agreement, it became entitled to derive the benefits of a System Contract (Bulk Sales Contract) that authorizes LUMA to purchase and consume fuel to be provided by TEMPR, and also provides that LUMA assumes all payment obligations thereunder. Thus, being a third-party beneficiary.

62.    The counter party to the Bulk Sales Contract delivering said fuel and entitled to related payment is TEMPR. By definition, a third-party beneficiary under the O&M Agreement, and thus entitled to payment in the amount of $700,489.93 plus interests and penalties.

**FOURTH CAUSE OF ACTION**
**Unjust Enrichment**
**(P.R. Laws Ann. Tit. 31, § 7)**

63.    TEMPR repeats and realleges all previous allegations.

64.    At all times relevant to this litigation, LUMA owed a legal duty to TEMPR to not unfairly or unduly take advantage of TEMPR or commit wrongful acts to unjustly enrich itself at TEMPR's expense or at the expense of TEMPR's property or financial interests. *See Ortiz-Andujar v. Commonwealth*, 22 P.R. Offic. Trans. 774, 780 (1988).

65.     During the period from approximately August 12, 2022 up to November 18, 2022, LUMA unjustly enriched itself by retaining TEMPR's fuel without offering compensation in circumstances where compensation is reasonably expected.

66.     Such acts and omissions leading to LUMA's unjust enrichment were the actual and proximate cause of harm to TEMPR.

67.     Accordingly, LUMA is liable in damages to TEMPR in excess of $700,489.93, the exact amount to be proven at trial, arising out of LUMA's unjust enrichment.

**FIFTH CAUSE OF ACTION**
**Damages for Fraud or Dolo in the Performance of the Agreement**
**(P.R. Laws Ann. tit. 31, § 3018)**

68.     TEMPR repeats and realleges all previous allegations.

69.     LUMA's acts establish a clear and unequivocal case of fraud or dolo in the performance of its contractual duties towards TEMPR, and which have resulted in the filing of the instant complaint, forcing TEMPR to suffer damages and incur in significant expenses and attorney fees to vindicate its rights.

70.     TEMPR is entitled to an award of attorney's fees in an amount not less than $300,000, since the Puerto Rico Civil Code provides that a party that incurs in fraud or dolo in the performance of its contractual duties is liable for all resulting damages to the other contracting party.

**PRAYER FOR RELIEF**

**WHEREFORE,** TEMPR respectfully requests that this Honorable Court enters judgment in its favor granting the relief under the causes of action herein set forth, plus the costs and expenses of this civil action, including reasonable attorney's fees and costs; and such other and further relief as may be just and proper.

**RESPECTFULLY SUBMITTED.**

In San Juan, Puerto Rico, this 11th day of September 2023.

<u>**CERTIFICATE OF SERVICE**</u>

WE HEREBY CERTIFY that on this same date, a true and correct copy of the foregoing document was filed electronically with the Clerk of Court via the CM/ECF system, which will send notification of such filing to all attorneys of record in this case.

In San Juan, Puerto Rico, this 11th day of September 2023.

SEPULVADO, MALDONADO & COURET
304 Ponce de León Avenue, Suite 990
San Juan, Puerto Rico 00918
Tel.: (787) 765-5656
Fax: (787) 294-0073

By: <u>*s/ Lee R. Sepulvado Ramos*</u>
     Lee R. Sepulvado Ramos
     Bar No. 211912
     lsepulvado@smclawpr.com

     <u>*s/ Gerardo J. Cruz Ortiz*</u>
     Gerardo J. Cruz Ortiz
     Bar No. 307011
     gcruz@smclawpr.com

*Attorneys for TotalEnergies Marketing Puerto Rico Corp.*